Filed 6/1/23  P. v. Salazar CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>HECTOR CAVAZOS SALAZAR,<br><br>    Defendant and Respondent. | F084837<br><br>(Super. Ct. No. VCF283866B)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Respondent.

Tim Ward, District Attorney, Dan Underwood, David Alavezos and Jennifer Fultz, Deputy District Attorneys, for Plaintiff and Appellant.

-ooOoo-

## INTRODUCTION

In February 2015, respondent Hector Salazar agreed to enter a no contest plea to home invasion robbery (Penal Code,[1] § 211) and a violation of Vehicle Code section 10851 (a misdemeanor pursuant to section 17, subdivision (b)).  The court imposed an aggravated term of nine years on the home invasion robbery, and five years for a prior serious felony conviction allegation (§ 667, subd. (a)(1)), for a total term of 14 years.

In July 2022, a letter was filed from the Office of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommending the court resentence Salazar pursuant to former section 1170.03, subd. (a)(1), noting the court could exercise its discretion now to strike the prior serious felony conviction allegation under section 1385.  Based upon this recommendation and its conclusion Salazar did not pose an unreasonable risk of danger to public safety, the court vacated the judgment, struck the section 667, subdivision (a)(1) enhancement pursuant to former section 1170.03, subdivision (b)(2) (now section 1172.1, subdivision (a)(1)), and resentenced Salazar to a term of nine years' imprisonment.

The People appeal from the court's order modifying the judgment, arguing the matter should be remanded because the court did not correctly understand the scope of its discretion.  We agree and remand for a resentencing hearing.

## BACKGROUND

In October 2014, Salazar was charged with home invasion robbery (§ 211, count 1), carjacking (§ 215, subd. (a), count 2), first degree burglary (§ 459, count 3), false imprisonment by violence (§ 236, count 4), and grand theft of personal property (§ 487, subd. (a), count 5).  It was alleged as to each count that Salazar had a prior residential burglary conviction (§ 459) from 2006 that qualified as a strike pursuant to section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through

---

[1] Undesignated statutory citations are to the Penal Code.

2.

(i), and he had served a prior prison term pursuant to section 667.5, subdivision (b).  As to the first three counts, his prior burglary conviction was also alleged to be a prior serious felony pursuant to section 667, subdivision (a)(1).

Salazar agreed to enter a no contest plea to home invasion robbery (§ 211) and a violation of Vehicle Code section 10851 (a misdemeanor pursuant to section 17, subdivision (b)).  The court stated it would strike the strike allegation and the prior prison allegation, impose an aggravated term of nine years on the home invasion robbery, and five years for the prior serious felony conviction allegation, for a total term of 14 years.[2].

In June 2022, a letter from the Office of the Secretary of the CDCR was filed with the superior court in which the CDCR recommended Salazar's "sentence be recalled and that he be resentenced in accordance with [Penal Code] section 1170.03, subdivision (a)(1)."  The CDCR explained, courts "were previously barred from striking prior serious felony convictions for purposes of enhancement under" section 667, subdivision (a)(1); but, "effective January 1, 2019, courts are now authorized to exercise their discretion to strike" these enhancements or the punishment for these enhancements pursuant to section 1385.  Based upon its review of Salazar's "commitment offense and in-prison conduct," and in light of the court's newfound authority to not impose consecutive enhancements pursuant to section 667, subdivision (a)(1), the CDCR recommended the court recall Salazar's sentence and resentence him.  The CDCR attached to its letter a "Cumulative Case Summary and Evaluation," pursuant to section 1170.03, subdivision (a)(1).  Salazar was reappointed counsel and the matter was set for a hearing.

At the hearing, the court recalled Salazar's sentence, struck the section 667, subdivision (a)(1) enhancement, and resentenced him to a term of nine years.  Before the

---

[2]      The People objected to the court amending count 2 to a violation of section 10851 and to the striking of Salazar's strike, arguing it was not very old and not dissimilar to the instant case.  The People also objected to the court's striking of the prior prison special allegations.

court rendered its decision, the prosecutor argued "striking the five-year enhancement" was not "appropriate" given that Salazar had a number of convictions, including a violation of section 459 that occurred shortly before the current offense during which he broke into a person's home and robbed him. He further asserted Salazar's "crimes are escalating throughout his criminal history."

The court responded it would "tend to agree with [the prosecutor]," but, nevertheless, it would be striking the serious felony enhancement and resentencing Salazar, explaining:

> "[T]he Court is not the Legislature. Under 1170.03, the [L]egislature has indicated there shall be a presumption favoring recall and resentencing of the defendant which may only be overcome if a Court finds the defendant is an unreasonable risk of danger to the public safety as defined, ultimately, in the three-strikes law, meaning that you must convince me and the public that the defendant is in danger of committing a sexually violent offense, oral copulation with a child, homicide, solicitation to commit murder, assault with a machine gun on a police officer, or possession of a weapon of mass destruction. I don't see that here. Even though his conduct is reprehensible, his underlying crime is reprehensible, I don't see any likelihood of him committing assault with a machine gun on a police officer or a sexual offense or even a murder."

In response, the prosecutor argued there was "a very clear likelihood [Salazar] will be breaking into somebody's home and assaulting them." Again, the court stated it "tend[ed] to agree with [the prosecutor]," "[b]ut that's not in the code." It stated, "[i]f that was in the code, it would be a simple decision."

Ultimately, the court struck the five-year prior serious felony enhancement and resentenced Salazar to a term of nine years' imprisonment stating: "Under Penal Code Section 1170.03(b)(2), the Court is compelled to grant this request, and I do allow for the prior five-year prison [*sic*] to be stricken and vacated, and at again, the request of the Department of Corrections, not the Court's or the People's own moving request."

**DISCUSSION**

The People now appeal from the court's order modifying Salazar's sentence, arguing the court misunderstood the scope of its discretion in resentencing Salazar. We agree and remand for further proceedings.

**Standard of Review**

" 'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citations.] If the words in the statute do not, by themselves, provide a reliable indicator of legislative intent, '[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes. [Citation.]' [Citation.] ' "Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute ...; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." [Citations.]' [Citation.] If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy." (*People v. Arias* (2008) 45 Cal.4th 169, 177.)

" '[W]hen the record shows that the trial court proceeded with sentencing on the ... assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.' [Citation.] But if ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do

5.

so, then remand would be an idle act and is not required." ' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  Accordingly, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

**Applicable Law**

Section 1172.1 (formerly 1170.03)**3** provides a procedure by which a court may "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison ... recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  "The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' " (*People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1040.)

This section provides, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, " 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety,' " as defined in subdivision (c) of section 1170.18.  (*People v. McMurray*, *supra*,

---

**3**      Assembly Bill No. 1540 (2021-2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subd. (d)(1) to section 1170.03, effective January 1, 2022.  (Stats. 2021, ch. 719, §§ 1-9.)  It also clarified many of the required procedures under this section.  (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 ["[T]he Legislature repeatedly indicated that Assembly Bill No. 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing."].)  Assembly Bill No. 200 (2021-2022 Reg. Sess.) then renumbered section 1170.03 to section 1172.1, effective June 30, 2022, but made no substantive changes.  (Stats. 2022, ch. 58, § 9.)  For the sake of clarity and consistency, we refer to section 1172.1 when addressing the statute governing the petition for resentencing.

6.

76 Cal.App.5th at p. 1040; accord § 1172.1, subd. (b)(2).) Additionally, "[w]here, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant." (*People v. McMurray*, at p. 1040; accord § 1172.1, subds. (a)(6)-(8), (b)(1).) Furthermore, when recalling and resentencing pursuant to its provisions, the court "shall … apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2); *People v. McMurray*, at p. 1040; *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.)

**Analysis**

The People assert remand is necessary because the trial court misunderstood its discretion in that it erroneously believed it was compelled to grant the CDCR's recommendation because it did not find Salazar was an unreasonable risk of danger to public safety. On reply, they contend section 1172.1, subdivision (b)(2) does not require the court to grant the CDCR's recommendation, meaning it is not a presumption in favor of a particular sentence. Rather, if a court grants a petition for recall and resentencing, it has discretion in imposing a new sentence. They rely on *People v. Braggs* (2022) 85 Cal.App.5th 809 in support. Salazar contends the trial court properly followed CDCR's recommendation because the statutory presumption in favor of recall and resentencing (§ 1172.1, subd. (b)(2)) was not rebutted. He contends, alternatively, if we remand for resentencing, he should be entitled to the application of any ameliorative sentencing law enacted since the sentence was originally imposed. We agree with the People that remand is necessary for the court to exercise its informed discretion.

Initially, here, the trial court properly concluded the presumption in favor of recall and resentencing was not rebutted. (See § 1172.1, subd. (b)(2).) Put differently, the record does not establish Salazar posed an unreasonable risk of danger as that term is

defined in section 1170.18, subdivision (c). (*Ibid.*) Accordingly, the court properly concluded recall and resentencing was required in light of the statutory presumption provided for in section 1172.1, subdivision (b)(2).

However, the record reflects the court erroneously believed it was required to accept the CDCR's sentencing recommendation, and it thereby lacked discretion in resentencing Salazar. But nothing in section 1172.1 (including the language of section 1172.1, subdivision (b)(2) regarding the statutory presumption) requires the court to accept the recommending agency's proposed sentencing recommendation. Rather, the plain language of section 1172.1, subdivision (a)(1) provides that the court may "resentence the defendant in the same manner as if they had not previously been sentenced … provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) "Insofar as it is not limited by other phrases in the subdivision, the 'as if' language indicates that the resentencing authority conferred by section 117[2.1, subd. (a)(1)] is as broad as that possessed by the court when the original sentence was pronounced."[4] (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

---

[4]     Notably, section 1172.1 instructs the court to consider various factors in recalling and resentencing Salazar. (See § 1172.1, subd. (a)(4) ["In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, if the defendant was a victim of intimate partner violence or human trafficking prior to or at the time of the commission of the offense, or if the defendant is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense."].)

This conclusion is further supported by *People v. Braggs* (2022) 85 Cal.App.5th 809 (*Braggs*). In *Braggs*, the CDCR recommended the defendant's sentence be recalled in light of the court's newfound discretion to strike a consecutive enhancement pursuant to section 667, subdivision (a)(1) (authority which did not exist at the time of the defendant's sentencing). (*Braggs*, at p. 813.) After initially declining to resentence the defendant, the court decided to recall the defendant's sentence and resentence him.[5] (*Id.* at pp. 814–815.) The court then struck two one-year prior prison enhancements because they were no longer legally valid, but reimposed the middle term (six years) and the five-year prior serious felony enhancement. (*Id.* at pp. 815–816.) On appeal, the defendant argued the court failed to apply the new statutory " '*presumption favoring recall and resentencing*' " that went into effect days before the resentencing hearing. (*Id.* at pp. 816, 818-819.) Alternatively, he argued "the court's denial was … an abuse of discretion because nothing in the record supports a finding that he is an unreasonable risk of danger to public safety." (*Id.* at p. 819.) The *Braggs* court concluded the defendant was not prejudiced by any alleged failure of the court to apply the presumption or the purported lack of evidence to support a finding overcoming the presumption, reasoning "[t]he court in this case in fact *recalled* [the] defendant's sentence and *resentenced* him." (*Id.* at p. 819.)

Relevant here, the *Braggs* court observed, "[a]though on resentencing, the court did not strike the prior serious felony enhancement as discussed in the Secretary's letter, nothing in former section 1170.03 or current section 1172.1 provides for a presumption in favor of the Secretary's *particular* recommended sentence. Rather, the statute provides

---

[5] The trial court initially denied the request to recall defendant's sentence, determining the statutory amendments giving it discretion to strike the prior serious felony enhancement did not apply to cases that were final. (*Braggs*, *supra*, 85 Cal.App.5th at p. 814.) The defendant filed a motion for reconsideration and, after hearing argument from the parties, the court stated it was recalling defendant's sentence and resentencing him. (*Ibid.*)

for a presumption regarding recalling and resentencing a defendant, but not a presumption as to a particular sentence recommended by the Secretary." (*Braggs*, *supra*, 85 Cal.App.5th at p. 819.)

The *Braggs* court found support for its interpretation of the phrase " '*presumption favoring recall and resentencing* of the defendant' " in the uncodified portion of Assembly Bill 1540 that became section 1170.03, subdivision (b)(2) (later renumbered as § 1172.1, subd. (b)(1)). (*Braggs*, *supra*, 85 Cal.App.5th at p. 819.) There, "[t]he Legislature explained that '[i]t is the intent of the Legislature for judges to recognize the scrutiny that has already been brought to these referrals by the referring entity, and *to ensure that each referral be granted the court's consideration by* setting an initial status conference, recalling the sentence, and *providing the opportunity for resentencing* for every felony conviction referred by one of these entities.' (Stats. 2021, ch. 719, § 1, subd. (h), italics added.) The Legislature's intent was thus to 'ensure' that the Secretary's referral was given 'court[] consideration,' meaning by '*providing the opportunity* for resentencing.' " (*Braggs*, *supra*, 85 Cal.App.5th at p. 819.) The *Braggs* court concluded the defendant in that case was given such consideration by the court, including the opportunity, and, in fact, "he was actually resentenced although not to the same extent as addressed in the Secretary's letter." (*Ibid.*)

The *Braggs* court also relied on the legislative history of former section 1170.03 in concluding there was not a presumption in favor of a particular sentence. (*Braggs*, *supra*, 85 Cal.App.5th at p. 820.) It cited a committee analysis that explained the legislation " '*would require a court to presume that it is appropriate to recall and resentence a defendant that has been referred by CDCR*, [Board of Parole Hearings], the county sheriff, or the prosecuting agency, *unless a court finds an unreasonable risk that the defendant would commit a violent felony*, as specified. That is a fairly high bar. However, these are cases which have already been vetted as being appropriate for recall and resentencing by the law enforcement agencies recommending recall and

resentencing. *Even if a court grants the petition for recall and resentence, the court still has discretion in imposing a new sentence.* The new sentence cannot be more than the original sentence, but a *court would not necessarily impose a lower sentence if the court did not otherwise feel that one was appropriate (unless a change in law from the time of the original sentence mandated a lower sentence).*' (Assem. Comm. on Public Safety, Analysis of Assem. Bill No. 1540 (2021-2022 Reg. Sess.) as amended April 22, 2021, p. 6, italics added.)" (*Ibid.*)

We agree with *Braggs* that the language of Assembly Bill 1540 and the legislative history of section 1172.1, subdivision (d)(2) establish a presumption in favor of recalling and resentencing a defendant. However, it is not a presumption in favor of a particular sentence recommended by the referring agency. Rather, a court may exercise its discretion in resentencing a defendant anew after recalling a sentence pursuant to section 1172.1, and it is not bound by the sentencing recommendation of the referring agency. (See *People v. Cepeda* (2021) 70 Cal.App.5th 456, 471 [remanding for resentencing after sentence was recalled based on CDCR's recommendation and explaining, "on remand, the trial court may exercise its discretion to strike the enhancement, otherwise reduce [the defendant's sentence], or reinstate the sentence previously imposed"]; see generally *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 ["When a sentence is subject to 'recall' under section 1170, subdivision (d), the entire sentence may be reconsidered."].)

On this basis, we conclude remand is required. Here, the court's statements during the resentencing hearing reflect it resentenced defendant pursuant to the CDCR's recommendation because it believed it was "compelled" to do so. Thus, the " 'record shows that the trial court proceeded with sentencing on the ... assumption it lacked discretion.' " (*People v. McDaniels*, *supra*, 22 Cal.App.5th at p. 425.) And, we cannot conclude the record " 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391.) Thus, "remand is necessary so that the trial

11.

court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) At the resentencing hearing, we agree with Salazar that the court must "apply any changes in law that reduce sentences" that have issued since Salazar was initially sentenced. (See § 1172.1, subd. (a)(2) ["The court, in recalling and resentencing under this subdivision, shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."].)

## **DISPOSITION**

We remand for the court to conduct a new resentencing hearing.


SMITH, J.

WE CONCUR:


LEVY, Acting P. J.


SNAUFFER, J.

12.